UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN STEPHEN HAZELL, JR., an individual, and C.H., a minor,<br><br>Plaintiffs,<br><br>v.<br><br>BNSF RAILWAY COMPANY, a Delaware corporation; and JOHN DOES 1-10, individuals,<br><br>Defendants. | Case No. 2:23-cv-00474-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Plaintiffs' Motion to Strike and Exclude Defendants' Expert, Jonathan Brandel (Dkt. 29). A hearing on the underlying motion for summary judgment is set for February 20, 2025. For the reasons described below, the Court will partly grant and partly deny the Motion to Strike and Exclude.

## BACKGROUND

On February 28, 2022, Adam Bennett stole a ride on a BNSF railcar in Kootenai County. BNSF Special Agent Daniel Mattson intercepted him and was informed by police dispatch—erroneously—that he had a warrant for his arrest in Washington but not Idaho. Based on this information, and COVID procedures governing misdemeanor arrests, Agent Mattson released Bennett with a citation for trespass and stealing a ride.

MEMORANDUM DECISION AND ORDER - 1

Roughly two hours later, Bennett murdered Dennis Rogers after setting fire to his barn. Plaintiff John Hazell, who was driving by, saw the fire and rushed to provide aid. Bennett shot Hazell and seriously injured him. Bennett is now serving a life sentence.

Hazell and his minor daughter, C.H., brought this lawsuit against BNSF Railway Company based on the failure to initially arrest Bennett. They assert claims for negligence, negligence per se, loss of consortium, and intentional infliction of emotional distress. Both parties have moved for summary judgment.

BNSF's motion includes a declaration and report from Jonathan Brandel, a former Kootenai County Sheriff Sergeant, about Agent Mattson's legal duties and authority as a railway police officer. Plaintiffs now move to strike that testimony, arguing that it constitutes improper legal opinion and unfounded speculation.

## LEGAL STANDARD

Federal Rule of Evidence 702 allows a witness "qualified as an expert by knowledge, skill, experience, training, or education" to testify if the witness's opinion is reliable and helpful to understanding the evidence. While courts have wide latitude to admit expert testimony on factual matters, expert testimony in the form of legal conclusions is firmly forbidden. *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008). "The principle that legal opinion evidence concerning the law is inadmissible is 'so well-established that it

**MEMORANDUM DECISION AND ORDER - 2**

is often deemed a basic premise or assumption of evidence law—a kind of axiomatic principle.'" *Pinal Creek Group v. Newmont Mining Corp.*, 352 F. Supp. 2d 1037, 1042 (D. Ariz. 2005). "Resolving doubtful questions of law is the distinct and exclusive province of the trial judge," and expert testimony that broaches this domain must be excluded. *Nationwide Transp. Fin.*, 523 F.3d at 1058.

## ANALYSIS

BNSF's motion for summary judgment hinges on the authority and duties of railway police officers in Idaho. This, as BNSF itself points out, is a question of law concerning the intersection between state and federal statutes. Interpreting those statutes is the province of the Court and clearly not a proper subject for an expert declaration. To the extent that Sergeant Brandel opines on these matters, the Court will grant Defendants' Motion to Strike and Exclude.

In opposing the Motion, BNSF suggests that it is "axiomatic that the most appropriate person to speak on the topics of law enforcement is a law enforcement officer." *Def.'s Resp. to Mot. to Strike* at 2, Dkt. 34. This is a gross over-simplification of the rules on expert testimony. The Court could not allow a police officer to testify on the legal contours of the Fourth Amendment, even though the officer must know and implement those principles. Likewise, although the Court appreciates Sergeant Brandel's experience, it is not appropriate for him to testify about the meaning of the statutes governing railway police officers.

Accordingly, the Court must strike the portions of Sergeant Brandel's declaration and report that involve legal conclusions about Agent Mattson's duties and authority. Of the declaration, the Court will strike paragraphs 3, 4, 5, 6, 8, 9, and 15. Of the report, the Court will strike paragraphs B, C, D, and G.

The remaining sections primarily concern Sergeant Brandel's analysis of the interaction between Agent Mattson and Bennett. Here, the expert testimony performs its designed function: elucidating and explaining facts. For example, paragraph E of the report explains the practical significance of a law enforcement note that Bennett had violent tendencies, and paragraph F discusses COVID-era arrest practices. These opinions are properly based on Sergeant Brandel's professional experience and his study of the record of this case. Accordingly, the remaining portions of the report are admissible.

Finally, Plaintiffs argue that Sergeant Brandel's declaration should be excluded as untimely. Though BNSF timely disclosed Sergeant Brandel's identity and expert report, Plaintiffs say that the declaration contains testimony beyond the matters addressed in the report. To the extent that this argument might have had merit, those concerns are addressed by striking the portions of the declaration and report described above.

**MEMORANDUM DECISION AND ORDER - 4**

## ORDER

**IT IS ORDERED that:**

1. Plaintiffs' Motion to Strike and Exclude Defendants' Expert, Jonathan Brandel (Dkt. 29) is **GRANTED IN PART and DENIED IN PART**.

    a. The Motion is **granted** with regard to **paragraphs 3, 4, 5, 6, 8, 9**, and **15** of Brandel's declaration, and **paragraphs B, C, D, and G** of Brandel's report.

    b. In other respects, the Motion is denied.

DATED: February 14, 2025

_____
B. Lynn Winmill
U.S. District Court Judge