UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN STEPHEN HAZELL, JR., an individual, and C.H., a minor, | Case No. 2:23-cv-00474-BLW |
| Plaintiffs, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| BNSF RAILWAY COMPANY, a Delaware corporation; and John Does 1-10, individuals, | |
| Defendant(s). | |

**INTRODUCTION**

Before the Court is Defendant BNSF Railway Company's Motion for

Reconsideration (Dkt. 66). For the reasons explained below, the Court will grant

the motion.

**BACKGROUND**

The facts have been described in detail in previous rulings and will be

repeated here only briefly. *See* Dkt. 43. This case stems from an interaction on

February 28, 2022, between Adam Bennett and BNSF Special Agent Daniel

Mattson. After catching Bennett trespassing on the railroad, Special Agent Mattson

**MEMORANDUM DECISION AND ORDER - 1**

issued a ticket rather than performing a custodial arrest, though Bennett had an active warrant and was known to have "violent tendencies." See Ex. B at 3, Dkt. 23-3. A few hours later, Bennett set fire to a barn and killed the owner, Dennis Rogers. Mr. Hazell saw the fire while driving and stopped to provide help. Bennett shot him in the leg before being apprehended by law enforcement.

Mr. Hazell and his minor daughter, C.H., then filed suit against BNSF Railway. On March 23, 2025, the Court dismissed several claims at the summary judgment stage but allowed Mr. Hazell to proceed to trial on the claim of negligence and C.H. to proceed on the claim of loss of comfort, society, or companionship. Four days later, on March 27, 2025, the Idaho Supreme Court issued *Hill v. Emergency Medicine of Idaho P.A.*, 566 P.3d 436 (Idaho 2025), which held that Idaho law does not permit a child to bring a loss of consortium claim based on a parent's nonfatal injuries. BNSF now moves for reconsideration of this Court's ruling on C.H.'s claim, arguing that the *Hill* decision mandates the dismissal of that cause of action.

## LEGAL STANDARD

A party may request reconsideration of a summary judgment order under either (1) under Federal Rule of Civil Procedure Rule 59(e) by filing a motion to alter or amend the judgment, or (2) under Federal Rule of Civil Procedure 60(b) by

MEMORANDUM DECISION AND ORDER - 2

filing a motion for relief from judgment. *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991). Here, BNSF cites Rule 60(b), which provides that the Court may reconsider a final judgment or order based on: "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). This Rule must be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment. *See Lal v. California*, 610 F.3d 518, 524 (9th Cir. 2010). The moving party bears the burden of providing the existence of fraud, misconduct, or any other ground for relief. *Atchison, T & S.F. Ry. Co. v. Barrett*, 246 F.2d 846, 849 (9th Cir. 1957).

## ANALYSIS

Defendant BNSF moves for reconsideration pursuant subsection two of Rule 60(b). Specifically, Defendant argues that the recent Idaho Supreme Court decision, *Hill v. Emergency Medicine of Idaho P.A.*, creates a controlling precedent that renders Plaintiff C.H.'s claim for loss of comfort, society, and companionship incognizable. The Court agrees.

**MEMORANDUM DECISION AND ORDER - 3**

C.H. initially labeled her action a claim for "loss of consortium" based on the derivative harm she suffered from the injuries to her father. BNSF sought summary judgment on the theory that only the spouse of an injured party—not the child—may bring a loss of consortium claim under Idaho law. In a bench ruling issued in February 2025, the Court agreed with BNSF but held that this was essentially a semantic issue and allowed C.H. to proceed with a claim for loss of comfort, society, and companionship. *See Transcript*, Dkt. 41 at 9-10.

The Idaho Supreme Court subsequently clarified in *Hill* that a child cannot bring a derivative claim from a parent's non-fatal injuries, no matter how that claim is labeled. *Hill* stemmed from an alleged instance of medical malpractice after a hospital failed to properly diagnose Mr. Hill's stroke. *Hill*, 566 P.3d at 437. Mr. Hill himself filed suit, and his children brought untitled derivative claims, which the trial court construed as claims for loss of consortium and dismissed. *Id.* On appeal, the Idaho Supreme Court agreed with the district court's decision and declined to recognize a cause of action for loss of parental consortium in cases where the parent suffered non-fatal injuries. *Id.* at 441.

As applied to the present case, *Hill* requires the dismissal of C.H.'s claim for loss of comfort, society, and companionship. It is true, as Plaintiff suggests, that not "every plaintiff who brings a claim for loss of society, care, comfort, and

**MEMORANDUM DECISION AND ORDER - 4**

companionship necessarily brings a loss of consortium." *Est. of Murphy by & through Murphy v. United States*, No. 4:17-CV-00444-BLW, 2018 WL 2107182 * 4 (D. Idaho May 7, 2018). But *Hill* broadly forecloses these derivative claims brought by children. The state court's decision hinged on the underlying logic of these causes of action, not the narrow technical question of how to label such a claim. *See Hill*, 566 P.3d at 339 ("A claim for loss of parental consortium asserts a child's own cause of action for physical, psychological, and emotional pain and anguish caused by the destruction or impairment of the parent-child relationship resulting from the death or injury of the child's parent."). In a wrongful death case, the court explained, children may recover damages "for the loss of a parent's companionship." *Id.* at 440. But the court made clear that the cause of action arises only when a parent dies, not in the context of non-fatal injuries. *Id.* at 440-41.

For these reasons, *Hill v. Emergency Medicine of Idaho* is controlling in the present case and bars C.H.'s claim. Defendant's motion for reconsideration is granted, and C.H.'s claim is dismissed with prejudice.

## ORDER

**IT IS ORDERED that** Defendant's Motion for Reconsideration (Dkt. 66) is **GRANTED**. C.H.'s claim for loss of comfort, society, and companionship is

MEMORANDUM DECISION AND ORDER - 5

hereby **DISMISSED**.

DATED: May 8, 2026

B. Lynn Winmill
U.S. District Court Judge